TROY LAW, PLLC
C. D. Thomas (CT 54696)
Aaron Schweitzer (AS 6369) (pro hac vice pending)
John Troy (JT 0481) (pro hac vice pending)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

<u>Case No. 21-cv-</u>    482

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA**
-----------------------------------------------------------X
WENLIN XIAO,
*on his own behalf and on behalf of others similarly situated*

          Plaintiff,
         v.
SICHUAN GOURMET LLC
 d/b/a Sichuan Gourmet;
SICHUAN GOURMET II LLC
 d/b/a Sichuan Gourmet;
LOTUS FOOD INC
 d/b/a Lotus Food Company;
OC PARTNERS LLC
 d/b/a Lotus Food Company;
WEIXIANG YOU
 a/k/a Wei Xiang You,
YONGJUN ZHANG
 a/k/a Yong Jun Zhang,
YONGPENG XIA
 a/k/a Yong Peng Xia,
ZHONG ZHUANG,
KUOHWA WANG
 a/k/a Kuo Hwa Wang, and
TAIMEI WANG
 a/k/a Tai Mei Wang
         Defendants.
-----------------------------------------------------------X

<u>29 U.S.C. § 216(b)
COLLECTIVE ACTION &
FED. R. CIV. P. 23 CLASS
ACTION</u>

**COMPLAINT**

  Plaintiff WENLIN XIAO (hereinafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants SICHUAN GOURMET LLC d/b/a Sichuan Gourmet; SICHUAN

GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD INC d/b/a Lotus Food Company and ; and OC PARTNERS LLC d/b/a Lotus Food CompanyWEIXIANG YOU a/k/a Wei Xiang You, YONGJUN ZHANG a/k/a Yong Jun Zhang, YONGPENG XIA a/k/a Yong Peng Xia, ZHONG ZHUANG, KUOHWA WANG a/k/a Kuo Hwa Wang, and TAIMEI WANG a/k/a Tai Mei Wang (hereafter collectively referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1. This action is brought by the Plaintiff WENLIN XIAO, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and of the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA"); and Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1 *et seq.*, arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and PAMWA and WPCL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and/or (5) attorney's fees and cost.

4. Plaintiff further alleges pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA") that he is entitled to recover from the

Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

5. Plaintiff further alleges pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1 *et seq.* that he was not notified of the following: (1) time and place of payment; (2) rate of pay; and (3) amount of any fringe benefits or wage supplements to be paid to the employee, a third party, or a fund for the benefit of the employee; and that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wages compensation, (3) liquidated damages in an amount equal to 25% of his lost wages and benefits under the Wage Payment and Collection Law, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the the Pennsylvania Minimum Wage Act claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in Western Pennsylvania.

## PLAINTIFF

8. From on or about January 17, 2019 to March 23, 2020, Plaintiff WENLIN XIAO was employed by Defendants to work as a fry wok chef at their restaurant at 1900 Murray Avenue, Pittsburgh, PA 15217.

## DEFENDANTS

*Corporate Defendants*

9.  Defendant SICHUAN GOURMET LLC d/b/a Sichuan Gourmet is a domestic limited liability company organized under the laws of the State of Pennsylvania with a principal address at 1900 Murray Avenue, Pittsburgh, PA 15217.

10. SICHUAN GOURMET LLC d/b/a Sichuan Gourmet is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11. SICHUAN GOURMET LLC d/b/a Sichuan Gourmet purchased and handled goods moved in interstate commerce.

12. Defendant SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet is a domestic limited liability company organized under the laws of the State of Pennsylvania with a principal address at 328 Atwood Street, Pittsburgh, PA 15213.

13. SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

14. SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet purchased and handled goods moved in interstate commerce.

15. Defendant LOTUS FOOD INC d/b/a Lotus Food Company is a limited liability company organized under the laws of the State of Pennsylvania with a principal address at 1649 Penn Avenue, Pittsburgh PA 15222.

16. LOTUS FOOD INC d/b/a Lotus Food Company is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

17. LOTUS FOOD INC d/b/a Lotus Food Company purchased and handled goods moved in interstate commerce.

18. Defendant OC PARTNERS LLC d/b/a Lotus Food Company is a domestic limited liability company organized under the laws of the State of Pennsylvania with a principal address at 1649 Penn Avenue, Pittsburgh PA 15222.

19. OC PARTNERS LLC d/b/a Lotus Food Company is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

20. OC PARTNERS LLC d/b/a Lotus Food Company purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

21. WEIXIANG YOU a/k/a Wei Xiang You known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD d/b/a Lotus Food Company; and OC PARTNERS LLC d/b/a Lotus Food Company.

22. WEIXIANG YOU a/k/a Wei Xiang You hired Plaintiff.

23. WEIXIANG YOU a/k/a Wei Xiang You determined the pay for Plaintiff.

24. WEIXIANG YOU a/k/a Wei Xiang You paid Plaintiff.

25. WEIXIANG YOU a/k/a Wei Xiang You fired Plaintiff.

26. WEIXIANG YOU a/k/a Wei Xiang You had responsibility to maintain records concerning Plaintiff's pay for Defendants.

27. WEIXIANG YOU a/k/a Wei Xiang You acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, 43 P.S.§ 260.1 and the regulations thereunder, and is jointly and severally liable with all other Defendants, including at least SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD d/b/a Lotus Food Company; and OC PARTNERS LLC d/b/a Lotus Food Company.

28. YONGJUN ZHANG a/k/a Yong Jun Zhang, and Owner of SICHUAN GOURMET LLC d/b/a Sichuan Gourmet, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD d/b/a Lotus Food Company; and OC PARTNERS LLC d/b/a Lotus Food Company.

29. YONGJUN ZHANG a/k/a Yong Jun Zhang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, 43 P.S.§ 260.1 and the regulations thereunder, and is jointly and severally liable with all other Defendants, including at least SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD d/b/a Lotus Food Company; and OC PARTNERS LLC d/b/a Lotus Food Company.

30. YONGPENG XIA a/k/a Yong Peng Xia, and Officer/ Agent of SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet (1) had the power to hire and fire employees, (2)

supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD d/b/a Lotus Food Company; and OC PARTNERS LLC d/b/a Lotus Food Company.

31. YONGPENG XIA a/k/a Yong Peng Xia acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, 43 P.S.§ 260.1 and the regulations thereunder, and is jointly and severally liable with all other Defendants, including at least SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD d/b/a Lotus Food Company; and OC PARTNERS LLC d/b/a Lotus Food Company.

32. ZHONG ZHUANG, and Officer/ Agent of SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD d/b/a Lotus Food Company; and OC PARTNERS LLC d/b/a Lotus Food Company.

33. ZHONG ZHUANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, 43 P.S.§ 260.1 and the regulations thereunder, and is jointly and severally liable with all other Defendants, including at least SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD d/b/a

Lotus Food Company; and OC PARTNERS LLC d/b/a Lotus Food Company.

34. KUOHWA WANG a/k/a Kuo Hwa Wang, as President of LOTUS FOOD INC d/b/a Lotus Food Company (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD d/b/a Lotus Food Company; and OC PARTNERS LLC d/b/a Lotus Food Company.

35. KUOHWA WANG a/k/a Kuo Hwa Wang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, 43 P.S.§ 260.1 and the regulations thereunder, and is jointly and severally liable with all other Defendants, including at least SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD d/b/a Lotus Food Company; and OC PARTNERS LLC d/b/a Lotus Food Company.

36. TAIMEI WANG a/k/a Tai Mei Wang, Treasurer and Vice President of LOTUS FOOD INC d/b/a Lotus Food Company (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD d/b/a Lotus Food Company; and OC PARTNERS LLC d/b/a Lotus Food Company.

37. TAIMEI WANG a/k/a Tai Mei Wang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder,

29 C.F.R. § 791.2, 43 P.S.§ 260.1 and the regulations thereunder, and is jointly and severally liable with all other Defendants, including at least SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; SICHUAN GOURMET II LLC d/b/a Sichuan Gourmet; LOTUS FOOD d/b/a Lotus Food Company; and OC PARTNERS LLC d/b/a Lotus Food Company.

## STATEMENT OF FACTS

38. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

39. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the federal and state minimum wage for each hour worked.

40. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

41. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

42. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

43. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished Plaintiff any notice of their use of tip credit.

44. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff WENLIN XIAO and similarly situated employees with Time of Hire Notice

reflecting (1) time and place of payment; (2) rate of pay; and (3) amount of any fringe benefits or wage supplements to be paid to the employee.

45. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*Plaintiff WENLIN XIAO*

46. From on or about January 17, 2019 to on or about March 23, 2020, Plaintiff WENLIN XIAO was employed by Defendants to work as a fry wok at 1900 Murray Avenue, Pittsburgh, PA 15217.

47. From on or about January 17, 2019 to March 23, 2020, Plaintiff WENLIN XIAO's regular work schedule ran from:

   a. 10:30 to 22:00 for eleven and a half (11.5) hours a day on Tuesdays, Wednesdays, and Thursdays for three (3) days and thirty four and a half (34.5) hours per week;

   b. 10:30 to 22:30 for twelve (12) hours on Fridays;

   c. 11:00 to 22:30 for eleven and a half (11.5) hours on Saturdays; and

   d. 12:00 to 22:00 for ten (10) hours on Sundays, with Mondays off for a total of sixty-eight (68) hours each week.

48. At all relevant times, Plaintiff WENLIN XIAO did not have a fixed time for lunch or for dinner.

49. Defendants allotted Plaintiff WENLIN XIAO had fifteen (15) minutes each working day to eat, but even then he was on call, meaning that if customer's order came, his break stopped and he had to cook the orders

50. From on or about January 17, 2019 to March 23, 2020, Plaintiff WENLIN

XIAO was paid a flat compensation at a rate of four thousand dollars ($4000.00) per month.

51.  At all relevant times, Plaintiff WENLIN XIAO was not paid overtime pay for overtime work.

52.  At all relevant times, Plaintiff WENLIN XIAO was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

## COLLECTIVE ACTION ALLEGATIONS

53.  Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"). The approximate number of Collective Action Members is estimated to be between ten (10) to fifty (50) members.

## CLASS ACTION ALLEGATIONS

54.  Plaintiff brings his Pennsylvania Minimum Wage Act of 1968 ("PAMWA") claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

55.  All said persons, including Plaintiff, are referred to herein as the "Class."

56.  The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable

from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### *Numerosity*

57. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class. The approximate class size is estimated to be between twenty (20) to one hundred (100) members.

### *Commonality*

58. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendant employed Plaintiff and the Class within the meaning of the PAMWA;

   b. Whether Plaintiff and Class members are promised and not paid at their promised hourly wage under the PAMWA;

   c. Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the PAMWA;

   d. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

   e. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

59.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

60.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

61.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the

expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

62. Upon information and belief, Defendants and other employers throughout the state violate the PAMWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Unpaid Wage Brought on behalf of the Plaintiff and the FLSA Collective]

63. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

64. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

65. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

66. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of Pennsylvania Minimum Wage Act Brought on behalf of Plaintiff and Rule 23 Class]

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. At all relevant times, Plaintiff was employed by Defendants within the meaning of PAMWA§§3(d).

69. At all relevant times, Defendants were obligated to comply with the PAMWA's requirements, and Plaintiff and the Class members were covered employees entitled to PAMWA's protections.

70. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the class action members, for some or all of the hours they worked.

71. Defendants knowingly and willfully violated Plaintiff, and similarly situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

72. PAMWA § 13 expressly allows private plaintiffs to bring civil actions to enforce an employers' failure to comply with the Pennsylvania Minimum Wage Act's requirements.

73. PAMWA § 13 expressly provides that an agreement between the employer and employee to work for less than the required minimum wage is not a defense to an action seeking to recover unpaid minimum wages.

74. As a direct and proximate result of Defendants' willful and unlawful violations of the PAMWA, Plaintiff and the members of the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

77. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime

compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

78. Defendants' failure to pay Plaintiff and FLSA Collective their overtime pay violated the FLSA.

79. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

80. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

81. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

82. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT IV.
**[Violation of Pennsylvania Minimum Wage Act—Unpaid Overtime Brought on behalf of Plaintiff and Rule 23 Class]**

83. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. Under the PAMWA Article 43, §§333.105(a)-(c), *et seq*, and the supporting Pennsylvania Department of Labor Regulations & industry regulations, defendants are required to pay Plaintiff and Rule 23 Class members one and one half (1.5) times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

85. Defendants have failed to pay Plaintiff and Rule 23 Class members the overtime to which they are entitled under the PAMWA.

86. Defendants have willfully violated the PAMWA by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class Members overtime wages.

87. Due to Defendants' willful violations of the PAMWA, Plaintiff and the Rule 23 Class Members were entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest. Defendants' failure to pay Plaintiff were not in good faith.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

      b)      Certification of this case as a collective action pursuant to FLSA;

      c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

      d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and PAMWA;

      e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      f)      An award of unpaid minimum wage and overtime wages due under FLSA and PAMWA due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) under PA Wage Payment and Collection Law.

      g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

      h)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and PA S.B. 73;

      i)      An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 6% simple prejudgment interest provided by WPCL, post-judgment interest, and attorney fees and costs;

  j)  The cost and disbursements of this action;

  k)  An award of prejudgment and post-judgment fees;

  l)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: Flushing, New York
April 9, 2021

        TROY LAW, PLLC
        *Attorneys for the Plaintiff, proposed FLSA*
        *Collective and potential Rule 23 Class*

        /s/ C. D. Thomas
        C. D. Thomas
        PA Bar: 54696
        41-25 Kissena Boulevard, Suite 103
        Flushing, NY 11355
        Tel: (718) 762-1324
        troylaw@troypllc.com